Judge Underwood
delivered the opinion of the Court.
This is ah action of ejectment, instituted against Mrs. Stewart, to recover possession of á . situated in Louisville. The court instructed the ; : that she was entitled to dower therein, from the -oved; and that they should find for the defen-
: ■*' only question is, was this instruction correct? •. hill of exceptions, in setting out the evidence, r P.-t Thomas Stewart, husband of the defen* ¡.tw, dSod in possession of the premises, and remained i i possession thereof, from the 6th of August, 1818, toe day on which he conveyed the lot to the lessor of the plaintiff, up to the time of his death. The marriage between Thomas Stewart and the defendant, took place on the 6th of August, 1818, according to the bill of exceptions. The defendant, and widow, has held possession ever since the death of her husband. It is not stated, whether the mansion hotisfe of the deceased, was on the lot in controversy or not. The bill of exceptions does not purport to set Out ail the evidence.
We cannot, under this view of the case, say that the circuit court erred in the instruction given.
A widow is entitled to the mansion house and plantation, until dower assigned, I. Dig. 444. A town lot, including the mansion house, should go to hen, as a plantation would in the country, until the *49 .Assignment of dower. If she bé deforced, she is entitled to a speedy remedy, to have possession restored to her.
■ ed band; on idy ofhismar-j^hls^and does not deprive wife of J1®1- d?wer therein. For seism and biting oh ¿awe day, are an existencedt same time, & dower results as le^ con S8que C8‘
power mast blfore alienee 0f husband recover f^dfrom0' widow.
Denny, for plaintiff; Duncan, for defendant?;
If then, the lot in controversy, included the map-slan house, (which we presume to be the fact, because the contrary does not appear, and it was the plaintiff’s duty to show the contrary, by his exception,) and if Thomas Stewart was beneficially seised, during the marriage, liis( widow was entitled to dower; and could not be lawfully disturbed in her possession of any part, until her dower was assigned.
The law frill not cut days into pieces, for the pftsr-pose of inquiring whether the deed was executed by Thomas Stewart, to the plaintiff’s lessor, before the nuptial knot was tied by the parson, or not until after, Besides, it may have been proved, that the marriage was consummated before the execution of the deed, We cannot say, that such was not the proof, because, the bill of exceptions does not purport to set out ail file evidence.
Thomas Stewart was seised on the 6th, and marri-éd on the 6th, seisin and marriage existing on the same day, is in law, an existence at the same$ and dower results as a necessary consequence;
Both parties claim under Thomas Stewart; and we have notdeemeditmatefialtoscrutinizehistitle,found-ed upon the deed, made by the trustees of Louisville, in 1783, at a time, when their functions were suspended, according to the argument of defendant’s counsel.
Nor can we concede, that the plaintiff was entitled to recover two thirds of the lot, before the widow’s dower had been assigned, as contended for by the plaintiff's counsel. Let the dower be assigned, and then R. Stewart, is entitled to the possession ofthe two thirds, not taken by the dower.
Judgment affirmed with costs.